UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Laura Beth Hattersley, | ) C/A No. 9:09-2175-SB-RSC |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| South Carolina, State of; Dorchester, County of; North Charleston Church of Christ; North Charleston Police Department; Don Blackwell; Richard Anderson; Richard Hopkins; B. Chambers; Fred Dan York; Jon Zumalt; M. Lawless, | ) |
| Defendant. | ) |

This is a civil action filed *pro se*. The case is presently before the undersigned magistrate judge for report and recommendation following pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened). Plaintiff claims that certain criminal charges for harassment and trespassing lodged against her in an undisclosed state court by members of the North Charleston Police Department at the request of Defendants York and other members/leaders of the North Charleston Church of Christ are "a scam" and based on "fraud." Essentially, she asks this Court to review the validity of those state criminal charges and to stop the Defendants from filing further charges against her because the charges allegedly violate her "right to worship and have free speech." Complaint, at 8; *see also* Entry 6 (Motion for Preliminary Injunction).

It appears from Plaintiff's allegations that she had been attending the church along with a former boyfriend, Defendant York, who is a member of the church. However, when the relationship between Plaintiff and York ended she continued going to the church and trying to talk to him there about the reasons for the end of the relationship. As a

result of her continued attempts to contact York at the church, Defendant York and certain church leaders also named as Defendants contacted the police to have her arrested for harassment and trespassing after notice. She claims that she was put in jail on these charges more than once. The criminal charges are apparently pending against Plaintiff in an undisclosed state court in the North Charleston area.

Although she does not specifically and clearly ask this Court to intervene in the state court criminal proceedings, declare the criminal charges invalid, and direct that the charges be dismissed, such a request for relief is implicit in Plaintiff's allegations. Plaintiff's extensive arguments against the validity of the pending charges, her claims of fraud and scams by various Defendants in connection with the reporting and filing of the charges, and her lack of requests for any form of relief from the Court other than injunctive relief against the filing of additional charges, see Motion for Preliminary Injunction (Entry 6), all support a conclusion that intervention by this Court into the state criminal proceedings is requested.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) *(per curiam)*. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid

2

claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Even under this less stringent standard, however, the *pro se* Complaint filed in this case is subject to summary dismissal because this Court should abstain from exercising federal subject matter jurisdiction over Plaintiff's claims.

Plaintiff's requests for injunctive and/or declaratory relief from this Court against numerous persons and entities involved in bringing state criminal charges against her are barred by the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. *Younger* and other cases hold that, absent extraordinary circumstances not present in this case, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See, e.g., Younger*, 401 U.S. at 44; *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n.8 (1873); *Harkrader v. Wadley*, 172 U.S. 148, 169-70 (1898); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this Court from enjoining such proceedings. *Bonner v. Circuit Ct. of*

*St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id.; see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 (4th Cir. 1969)(federal courts may not issue writs of mandamus against state courts); *Craigo v. Hey*, 624 F. Supp. 414 (S.D.W. Va. 1985) (same).

As indicated in the cases cited above, Plaintiff is not foreclosed from raising her freedom of religion and/or state tort-based (fraud, scam) objections to the criminal charges that were filed against her and having them ruled on in her on-going state criminal prosecutions by the state court judge before whom they are pending. This Court cannot remove the authority to rule on such objections from the judge who is actually in control on Plaintiff's state criminal case or cases. Also, to grant the injunctive and/or declaratory relief Plaintiff seeks: dismissal of pending charges and/or protection from the filing of additional state charges against her, this Court would be required to enjoin the state prosecution. Under *Younger, Cinema Blue*, and *Bonner*, this is not something we can do, and, accordingly, Plaintiff's Complaint is subject to summary dismissal.

## **RECOMMENDATION**

Since February 1, 1999, all *pro se* pleadings have been screened by

the United States Magistrate Judges in this district, notwithstanding payment of the full filing fee. *See In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(*pro se* pleadings by non-prisoners should also be screened). As stated above, this Court should abstain from exercising subject matter jurisdiction over Plaintiff's claims against the validity of pending state criminal charges. Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

Robert S. Carr
United States Magistrate Judge

September 1, 2009
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).